No. 98-50402
-1-

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-50402
Summary Calendar
_____

WILLIAM WALLACE CAMPBELL,

                                        Plaintiff-Appellee,

versus

PRICILLA MILES, Chief Classification Officer;
GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; S.O. WOODS
Classifications, Director of State Classification and
Records Bureau,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-692
- - - - - - - - - -
December 23, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Patricia Miles, S.O. Woods, and Gary Johnson appeal the magistrate judge's order denying their motion for summary judgment asserting the defense of qualified immunity to William Wallace Campbell's civil-rights action alleging that the defendants failed to protect him from assault by other inmates.

Because the summary judgment evidence shows that there is no genuine issue with respect to the extent of Johnson's personal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involvement in the alleged constitutional deprivation and because those actions were not unreasonable, the magistrate judge's order is reversed as to Johnson.  See Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

As to Miles and Woods, however, the magistrate judge correctly concluded that there were genuine issues of material fact with respect to the extent of their knowledge of the risk of harm faced by Campbell.  For that reason, the denial of summary judgment as to Miles and Woods is not an appealable interlocutory order and that portion of the appeal must be DISMISSED.  See Lampkin v. City of Nacogdoches, 7 F.3d 430, 431 (5th Cir. 1993); see Johnson v. Jones, 515 U.S. 304, 315-316 (1995).

REVERSED IN PART; APPEAL DISMISSED IN PART.